Filed 5/9/23 P. v. Wildman CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CHARLES WILDMAN,<br><br>   Defendant and Appellant. | 2d Crim. No. B323437<br>(Super. Ct. No. 2010035171)<br>(Ventura County) |

Daniel Charles Wildman appeals from a postjudgment order denying his "motion to stay restitution fines under newly enacted Assembly Bill[s] 177 and 1869." (Bold and capitalization omitted.) In 2014 a jury convicted him of willful, deliberate, and premeditated murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)),[1] and possession of a firearm by a felon (former § 12021, subd. (a)(1), now § 29800, subd. (a)(1)). The jury found true a firearm enhancement within the meaning of section 12022.53,

---

[1] All statutory references are to the Penal Code.

subdivision (d).  Appellant was sentenced to prison for 50 years to life.  He was ordered to pay a $10,000 restitution fine pursuant to section 1202.4, subdivision (b).  We affirmed the judgment in an unpublished opinion: *People v. Wildman* (June 18, 2015, B254560).

We appointed counsel to represent appellant in the present appeal.  Counsel filed an opening brief stating that he had "not found any arguable issues to raise on appeal."  Counsel "request[ed] that [we] follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 [(*Serrano*)]."  (Bold and capitalization omitted.)  We sent a letter to appellant advising him that he could submit a supplemental brief stating grounds for his appeal.  Appellant filed a supplemental brief.

### Trial Court's Ruling

The trial court ruled: "The motion is denied.  [Appellant] has not established that he was ordered to pay any of fees subject to A.B. Nos. 177 or 1869.  Accordingly, the statutory changes have no application here."

### Assembly Bill 1869

"On September 18, 2020, the Governor signed Assembly Bill 1869.  Effective July 1, 2021, Assembly Bill 1869 'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.' (Stats. 2020, ch. 92, § 2.)  [¶]  Specifically, Assembly Bill 1869 abrogated the authority to impose and collect 23 different administrative fees . . . ."  (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625.)

Assembly Bill 1869 did not abrogate the authority to impose and collect a restitution fine. Accordingly, the trial court did not err in concluding that appellant's restitution fine was not subject to Assembly Bill 1869.

*Assembly Bill 177*

Assembly Bill 177 (2021–2022 Reg. Sess.) amended section 1465.9, subdivision (b) to provide that "[o]n and after January 1, 2022 the balance of any court-imposed costs pursuant to [s]ection . . . 1202.4 [the restitution fine] . . . as [that] section[ ] read on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs *shall be vacated*." (Stats. 2021, ch. 257, § 35, italics added.)

Assembly Bill 177 repealed and re-enacted section 1202.4 but eliminated former subdivision (l), which authorized a county's board of supervisors to "impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county." (Stats. 2021, ch. 257, §§ 19, 20.) To harmonize amended section 1465.9, subdivision (b) and current section 1202.4, we construe section 1465.9, subdivision (b) as rendering unenforceable and uncollectable only an administrative fee imposed to cover the cost of collecting the restitution fine. Section 2 of Assembly Bill 177 provides, "It is the intent of the Legislature to eliminate the range of *administrative fees* that agencies and courts are authorized to impose to fund elements of the criminal legal system and to eliminate all outstanding debt incurred as a result of the imposition of administrative fees." (Stats. 2021, ch. 257, § 2, italics added.)

3

Because appellant's sentence did not include a fee to cover the cost of collecting the restitution fine, the trial court did not err in concluding that appellant's restitution fine was not subject to Assembly Bill 177.

*Appellant's Other Contentions*

In his supplemental brief appellant contends that his sentence is "illegal, void and correctable at any time" because at sentencing the trial court imposed a two-year term for the conviction of felon in possession of a firearm and ordered it to run concurrently with the 50-year-to-life sentence imposed for the murder and firearm enhancement. Appellant insists, "[T]he law is clear in this matter, a sentencing court must impose all determinative prison terms consecutively to any indetermatively [*sic*] imposed prison terms." Appellant is mistaken. "Where, as here, the trial court imposes an indeterminate life sentence and a determinate sentence, it has discretion to decide whether the sentences shall be served concurrently or consecutively." (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1264.)

Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, appellant claims the trial court "imposed the maximum amount [of the restitution fine] against [him] without any chance to be heard" and without determining whether he had the ability to pay this amount.[2] The *Dueñas* issues are forfeited because appellant failed to raise them below. (*People v. Lowery* (2020) 43 Cal.App.5th 1046, 1054 ["We stand by the traditional rule that a party must raise an issue in the trial court if they would like appellate review"].)

---

[2] The issues raised in *Dueñas* are pending before our Supreme Court in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.

4

Moreover, appellant has not shown that, if he had raised the *Dueñas* issues below, the trial court would have had jurisdiction to consider them. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.] And, '[i]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634; see also *People v. Torres* (2020) 44 Cal.App.5th 1081, 1083.)

Finally, appellant "requests the Court to independently review the record for . . . any other arguable issues in accord with People v. Wende [(1976)] 25 Cal.3d 436." *Wende* is inapplicable because appellant's judgment of conviction was previously affirmed on direct appeal and his present appeal is from a postjudgment order. (*Serrano*, *supra*, 211 Cal.App.4th at p. 503 ["Where a defendant has been afforded all the constitutional protections of a first appeal of right, . . . we find that he is not entitled to . . . *Wende* procedures in subsequent appeals"].)

*Disposition*

The order denying appellant's postjudgment motion is affirmed.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.                    CODY, J.

5

Gilbert A. Romero, Judge

Superior Court County of Ventura

_____


Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.